PEOPLE v. BLOOM.

(Supreme Court, Appellate Division, Second Department. February 2, 1912.)

1. PERJURY (§ 33*)—ATTEMPTED SUBORNATION—EVIDENCE—SUFFICIENCY.
   Evidence that a person offered a master money if he would procure his servant to testify in a larceny case that he was not sure that "them is the two prisoners," without evidence that the servant had any knowledge of the larceny, or that, if he had testified as desired, he would have committed perjury, or that accused's suggestion involved any such violation, is insufficient to support a conviction of attempting to procure another to commit perjury.
   [Ed. Note.—For other cases, see Perjury, Dec. Dig. § 33.*]

2. PERJURY (§ 27*)—ATTEMPTED SUBORNATION—INFORMATION—SUFFICIENCY.
   Under Penal Law (Consol. Laws 1909, c. 40) § 813, providing that a person who attempts to procure another to commit perjury, although no perjury is committed, is guilty of a misdemeanor, an information charging that the accused attempted to bribe a master to procure his servant when subpœnaed as a witness to commit perjury is sufficient to charge a violation of that section.
   [Ed. Note.—For other cases, see Perjury, Cent. Dig. § 95; Dec. Dig. § 27.*]

3. CRIMINAL LAW (§ 59*)—PARTIES TO OFFENSES—PROXIMATE CONNECTION WITH CRIME.
   If a crime be committed, the act charged against accused need not be the first act before the crime, nor in any other numerical order before it, if it is a force guiltily set in motion, that in the end induced the commission of the offense, or brought accused in guilty association with one or more who committed the offense.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 71–74; Dec. Dig. § 59.*]

Appeal from Court of Special Sessions of City of New York.

Louis Bloom was convicted of a violation of Penal Law, § 813, in attempting to procure another to commit perjury, and he appeals. Reversed, and new trial ordered:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

Charles O. Maas, for appellant.

Peter P. Smith, Asst. Dist. Atty. (John F. Clarke, Dist. Atty., on the brief), for the People.

THOMAS, J. Information was filed against the defendant for violation of section 813 of the penal law. That section in brief makes a person guilty of a misdemeanor who, without giving, offering, or promising a bribe, incites or attempts to procure another to commit perjury, or to give false testimony as a witness, although the latter do neither, or to withhold true testimony. The information among other things charges that defendant attempted to bribe Meyer, the owner of a truck that had been stolen, to procure his servant, the driver thereof, when subpoenaed as a witness, to commit perjury, and to fail to identify at the examination before the magistrate one Katz, who had been seen with the truck and pointed out to the police by the driver, and arrested.

[1] The evidence of Meyer was sufficient to show that the defendant did offer Meyer $250 if he would induce the driver in court before the magistrate to say that he was not sure that "them is the two prisoners." Meyer's two sons testified, one that the defendant offered to give the money "providing they could fix the case up," and the other that he would give that sum "to instruct your driver to drop the case." This was an attempt to bribe Meyer to get Gottlieb to do something to help Katz, but what does not appear very clearly. Although it does appear in the record that Katz had been arrested, and that his case did in fact come up the next morning after the conversation between Meyer and defendant, there is no evidence that Gottlieb had any knowledge of the larceny, or that, if he had testified that he was not sure "them is the two prisoners," he thereby would have committed perjury or otherwise violated the statute, or that the defendant's suggestion to Meyer involved such violation. The evidence does not support the charge.

[2] But is the information well laid under that section? Is it an offense thereunder if A. solicit B. to entice C. or attempt to procure C. to do or not to do the things stated in the section? If A. solicit B. to entice C. to give false evidence and B. does so entice him, A. is equally guilty with B. If A. solicit B. to commit a crime, it is indictable at common law, as where one advises a servant to rob his master (The King v. Higgins, 2 East, 5), or one requests another to set fire to a third person's building, later furnishing him a match for the purpose (People v. Bush, 4 Hill, 133). But I meet no decision that if A. solicit B. to solicit C. to do a criminal act, for example to burn his master's barn, A. is guilty of soliciting C. to so burn the barn, although A. would be guilty of soliciting B. to do a criminal act. Hence helpful principles should be considered. The act need not be proximate in time to the crime committed to implicate the actor; but it must be causatively proximate. Bishop's New Criminal Law, § 764, subd. 2. The act indicating the attempt should be such that,

if the crime had been committed, it was apparently adapted to effect the result (Bishop's New Criminal Law, § 765), and was 'intended for that purpose. Moreover, the act in time and place must be in "the direct movement toward the commission" of the crime. People v. Murray, 14 Cal. 159, 160. In People v. Bush, supra, it is said:

"An attempt may be immediate—an assault, for instance—but it very commonly means a remote effort by indirect measure taken with intent to effect an object."

[3] If the crime be committed, the act charged against the defendant need not be the first act before the crime, nor the second or third or in any other numerical order before it, if it is a force guiltily set in motion that in the end induced the commission of the offense, or brought the actor in guilty association with one or more who committed the offense. For example, if A. should solicit B. to solicit C. to solicit D. to kill E., and D. did kill E., A. would under our law be a principal offender. If this be true of the crime actually committed, it logically follows that the complicity would be the same if A. should solicit B. to solicit C. to solicit D. to kill E., although the chain of solicitations should be interrupted by the refusal of any person solicited to do the act. A.'s solicitation of B. is intended to be carried through others to D., and the fact that B. fails to continue it does not change the quality of A.'s act of solicitation, but interrupts its falling on D. as intended. If it be carried to D. and he refuse, then A.'s attempt fails later in time, but remains an attempt. When a crime is not committed, "those who have unsuccessfully solicited or incited another to commit it are at common law guilty of an indictable misdemeanor (whether the crime to which the solicitation or incitement related is either by common law or statute a felony or a misdemeanor)." Russell's Law of Crime, 203. I conceive that there would be no distinction in criminality whether A., B., C., and D. should meet and concert measures whereby D. should kill E., or whether A. should initiate the crime with B., whereby it would be carried through C. to D. It is not necessary that the solicitation of B. should reach D. to implicate A. In Rex v. Banks, 12 Cox's Crim. Law Cases, 393, the defendant's letter to a woman to murder a child did not reach her, but was intercepted at the house where the addressee lived. The defendant was convicted of an attempt to solicit and incite B. to murder. So in Regina v. Ransford, 13 Cox's Crim. Law Cases, 9, the defendant's letter reached the addressee, but he, not reading it, delivered it to authorities. The defendant was convicted of an attempt to incite the addressee to commit an offense. In the case at bar, the defendant's solicitation of Meyer was not carried to Gottlieb, nor did Meyer act upon it, but it was none the less an attempt to incite Gottlieb, which failed before reaching him. Penal Law, § 2, defines an attempt to commit a crime as "an act, done with intent to commit a crime, and tending but failing to effect its commission." If defendant solicited Meyer, whose truck had been stolen and who was Gottlieb's master, to withhold knowledge that he had, he did an act tending to incite Gottlieb in violation of section

813 of the penal law—that is, to commit a crime—and I consider that it is not different than if a letter tending to so incite Gottlieb had been posted, but had not reached him, or had been seized in the mail by the government. It may be that, in view of the words used in section 813, an undelivered letter would not sustain an indictment of inciting, but it would sustain an attempt to incite. In Rex v. Krause, 66 Justice of The Peace, 121 (1902), the defendant was indicted in that he did solicit, persuade, endeavor to persuade, and did propose to another to kill a third person, and also there were counts that he wrote and sent by post certain letters with intent to move, solicit, and incite another to kill such person. Thus the inciting and attempt to incite are both pleaded. The statute (24, 25 Vict. c. 100, § 4) provided:

"Whosoever shall solicit, encourage, persuade, or endeavor to persuade, or shall propose to any person, to murder any other person, * * * shall be guilty of a misdemeanor."

Lord Alverstone said, "I think there must be some communication to the person in order to constitute the statutory offense;" but submitted the case under the counts as to attempt, and the defendant was convicted, although it was not proved that the letters reached the person solicited. The argument for the defendant was that the mind of the man solicited should be reached, that the words "solicit," "encourage," "persuade," and "propose to" all imply argument addressed to and reaching the mind of the person addressed, and the court said:

"I think that the words 'endeavor to persuade' in the statute are descriptive of the character of the offense which involves direction to a particular person and in my opinion the words have the same meaning as the words 'encourage,' 'solicit,' 'persuade,' and 'propose to.'"

But it is enough that in the case at bar the information sufficiently charges an attempt to incite, and this does not require that the solicitation should be brought to the person to be finally reached. While the judgment of conviction should be reversed and a new trial ordered for failure of proof, the information is sustained so far as it charges an attempt.

Judgment of conviction of the Court of Special Sessions reversed, and new trial ordered. All concur.