STATE of Wisconsin, Plaintiff-Appellant,

v.

Herbert YEE and David Yee, Defendants-Respondents.†

Court of Appeals

*Nos. 89-1850-CR, 89-1851-CR. Submitted on briefs March 6, 1990.—Decided December 27, 1990.*

(Also reported in 465 N.W.2d 260.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *David J. Becker,* assistant attorney general.

For the defendants-respondents the cause was submitted on the briefs of *Lester A. Pines* and *Michael Bauer* of *Cullen, Weston, Pines & Bach* of Madison and *James E. Doyle, Jr.* of *Doyle & Ritz* of Madison.

Before Eich, C.J., Gartzke, P.J. and Sundby, J.

SUNDBY, J.   In this appeal, we decide that if A, with intent that a felony be committed, advises B to procure C to commit the felony under circumstances which indicate unequivocally that A has such intent, A is guilty of the crime of solicitation, contrary to sec. 939.30, Stats. We therefore reverse the order granting the Yees' motions to dismiss the complaints and informations charging solicitation of another to commit the crimes of aggravated battery and first-degree intentional homicide.

It is undisputed that the Yees approached Dino Corti to find someone who would break the arms and legs of Mr. Li, a former employee of the Yees, and later kill him. Corti informed the police who arrested the Yees.

Section 939.30, Stats.,[1] provides:

Whoever, with intent that a felony be committed, advises another to commit that crime under circumstances which indicate unequivocally that he or she has such intent is guilty of a Class D felony; except that for a solicitation to commit a crime for which the penalty is life imprisonment the actor is guilty of a Class C felony and for a solicitation to

[1] Section 939.30, Stats., was amended by 1989 Wis. Act 121, sec. 100, effective Jan. 31, 1990. The amendments are not applicable here.

commit a Class E felony the actor is guilty of a Class E felony.

The circuit court concluded that the Yees' conduct did not fit within the definition of solicitation because they did not ask Corti to personally commit the crimes of aggravated battery or first-degree intentional homicide. In other words, because the Yees advised Corti to find someone else to commit these offenses, they did not advise Corti to commit the crimes.

We conclude that the circuit court construed "to commit" too narrowly. Section 939.05, Stats., provides:

> (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.
> (2) A person is concerned in the commission of the crime if he:
> (a) Directly commits the crime; or
> (b) Intentionally aids and abets the commission of it; or
> (c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it . . ..

Thus, had Corti procured another person to assault and kill Li as requested by the Yees, Corti would have been "[a] person . . . concerned" in the commission of the crimes of aggravated battery and first-degree intentional homicide. Therefore, the Yees advised Corti to commit the crimes of aggravated battery and first-degree intentional homicide by soliciting him to procure another person to commit those crimes.

17

The authorities and cases support our conclusion. In 2 W. LaFave and A. Scott, *Substantive Criminal Law* sec. 6.1 at 10 (1986), the authors state:

> In the usual solicitation case, it is the solicitor's intention that the criminal result be directly brought about by the person he has solicited; that is, it is his intention that the crime be committed and that the other commit it as a principal in the first degree, as where A asks B to kill C. However, it would seem sufficient that A requested B to get involved in the scheme to kill C in any way which would establish B's complicity in the killing of C were that to occur. Thus it would be criminal for one person to solicit another to in turn solicit a third party, to solicit another to join a conspiracy, or to solicit another to aid and abet the commission of a crime. [Footnotes omitted.]

In *People v. Bloom,* 149 A.D. 295 (N.Y. App. Div. 1912), the statute made it a misdemeanor for a person to attempt to procure another to commit perjury. The information charged that the defendant attempted to bribe another to procure the other's servant to commit perjury. The court held that the information was "well laid." The court said:

> If the crime be committed, the act charged against the defendant need not be the first act before the crime, nor the second or third or in any other numerical order before it, if it is a force guiltily set in motion that in the end induced the commission of the offense, or brought the actor in guilty association with one or more who committed the offense. For example, if A should solicit B to solicit C to solicit D to kill E, and D did kill E, A would under our law be a principal offender. If this be true of the crime actually committed, it logically follows that the complic-

18

ity would be the same if A should solicit B to solicit C to solicit D to kill E, although the chain of solicitations should be interrupted by the refusal of any person solicited to do the act.

*Id.* at 297. *See State v. Furr,* 235 S.E.2d 193 (N.C. 1977), *cert. denied,* 434 U.S. 924 and *Meyer v. State,* 425 A.2d 664 (Md. Ct. Spec. App. 1981), *cert. denied,* 454 U.S. 865, reaching similar results under common law. *See also Johnson v. State,* 650 S.W.2d 784 (Tex. Crim. App. 1983), reaching the same result we reach under a statute comparable to sec. 939.30, Stats.

*By the Court.*—Order reversed.