Argued May 4, affirmed June 30, 1965

# STATE OF OREGON v. ANDERSON
403 P. 2d 778

*Paul A. Thalhofer,* Pendleton, argued the cause and filed briefs for the appellant.

*Michael S. Killoran,* Deputy District Attorney, Pendleton, argued the cause for respondent. On the brief was Richard J. Courson, District Attorney, Pendleton.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## PERRY, J.

The defendant was convicted of the crime of being a felon in possession of a firearm capable of being concealed upon his person and appeals from the judgment.

The defendant states the facts as follows:

"The Defendant, Bobby Ray Anderson, was observed, on the 18th day of May, 1964, at the Umatilla County Toll Bridge, which is located on the south side of the Columbia River, Umatilla, Oregon, by a purser, Vane Hiatt, who works at the Umatilla County Toll Bridge. Mr. Hiatt on this day was looking for two Texas cars, a 1958 Chevrolet and a 1964 Pontiac Sedan. He observed the

Chevrolet in front of the Pontiac at approximately 2:20 p.m. and he recognized the driver of the Pontiac to be the Defendant. The two cars headed south toward highway 730 and passed out of Mr. Hiatt's view and he notified the State Patrol in Hermiston.

"On the same day, at approximately 2:50 p.m. Officer Donald Fulcher answered a call in the afternoon hours and went to Sharp's Corner on Highway 730 just east of Umatilla. The part of Sharp's Corner which is pertinent to this case is the restaurant which is located at the southwest corner of the Umatilla County Toll Bridge and Highway 730 junction and the restaurant is approximately 50 feet off the highway. Officer Fulcher waited for 50 minutes and then observed the Defendant enter and sit down on the driver's side of the 1964 Pontiac. Defendant had his hand down in the vicinity of where the ignition key is on the Pontiac and was looking in that direction with his left hand on the steering wheel. Officer Fulcher then, with a rifle in his hands, told the Defendant that he was under arrest, after which he proceeded to search the 1964 Pontiac.

"Upon searching the Pontiac, Officer Fulcher found a package containing blasting caps and presumably something else. The officer also found a .38 caliber pistol laying on the floor under the edge of the front seat at the driver's side with a man's shirt around it and partially over it. The officer stated that he did not see the Defendant handling this pistol nor did he see it on his person and that he didn't know who it belonged to. The officer also stated that this firearm was capable of being concealed upon the person. Officer Fulcher further testified that he had arrested the Defendant for the State of Washington on a charge of second degree assault.

"A fingerprint card bearing the finger prints of the Defendant taken on May 18, 1964, was ad-

mitted into evidence. Minutes of the Circuit Court in and for the County of Hinds, State of Mississippi, showing that the Defendant had pleaded guilty to Attempted Burglary and was sentenced to two years in the Mississippi State Penitentiary was admitted into evidence. Another finger print card from the Mississippi State Penitentiary bearing the fingerprints and the picture of the Defendant was admitted into evidence. The fingerprints on Ex. 3 and Ex. 4 were identified as being the Defendant's.

"The 1964 Pontiac belonged to Defendant's brother, Nelson Anderson who lives in California."

The defendant contends that, since the evidence established that he was convicted in the state of Mississippi of attempted burglary and not the completed crime of burglary as alleged in the indictment, there was a fatal variance between the indictment and the proof of the crime.

■ The rule of variance is based upon providing an accused against surprise in making his defense and to prevent him from again being put in jeopardy for the same offense. *State v. Hoover,* 219 Or 288, 347 P2d 69, 89 ALR2d 695; *State v. Cook,* 154 Or 62, 59 P2d 249.

■ We are unable to discover how the fact that the defendant had entered a plea of guilty to attempted burglary instead of the completed offense, and the proof offered disclosed only the attempt, could have in any manner misled the defendant. An attempt to commit a crime is necessarily included in the completed crime. *State v. Harvey,* 119 Or 512, 249 P 172. The allegation of a prior conviction of a felony is only an allegation of the status of the defendant and the mere fact that the defendant had been convicted of an attempt instead of the completed offense would

have no bearing upon the question of double jeopardy since a conviction of an attempt to commit the crime charged necessarily is an acquittal of the completed offense. *State v. Eyle,* 236 Or 199, 388 P2d 110.

The defendant also contends that the trial court erred in failing to sustain his motion for a directed verdict of acquittal since there was a failure by the state to prove that the defendant had been convicted of a "felony against the property of another."

The defendant argues that there is no evidence that in the attempted burglary the defendant did in fact commit a felony against the property of another.

■■ The law certainly does not require, in a case such as this, that the facts constituting the commission of the prior crime be established to the satisfaction of a jury. The sole question before the jury is whether or not the defendant was previously convicted of the crime of burglary or a lesser included offense. It is a matter of law for the court to determine whether the crime committed constituted a felony against the property of another.

■ It is well established in law, and no citations are necessary to establish, that burglary and attempted burglary are offenses against property, not against persons.

The defendant makes other contentions that error was committed by the trial court. We have carefully examined each of these contentions and find them without merit.

The judgment of conviction is affirmed.