Argued and submitted October 1, 1990, conviction for solicitation vacated; remanded with instructions to enter judgment of conviction for attempted solicitation and for resentencing January 23, reconsideration denied April 24, petition for review denied May 28, 1991 (311 Or 427)

## STATE OF OREGON,
*Respondent,*

*v.*

## DELBERT FLOYD LEE,
*Appellant.*

(89-07-32805; CA A63104)

804 P2d 1208

David E. Groom, Portland, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his conviction for solicitation to commit robbery in the first degree. ORS 161.435. He argues that a letter that was not delivered can support, at most, a conviction for attempted solicitation. We agree.

In July, 1989, defendant, while in jail, wrote letters to an acquaintance who was in the Hillcrest Juvenile Center, outlining plans to rob a store and a residence. The letters were intercepted by Hillcrest personnel and never reached their intended recipient. The first intercepted letter stated:

> "I wrote about two weeks ago. I guess you didn't get it. So, I'll tell you again. The job I got set up will get us some guns. On the other page is a picture of the place. And then I want to go to Washington. Okay."

The letter also described plans for robbing a store and burglarizing a residence. The other letter intercepted at Hillcrest also discussed plans for a "job." Defendant admitted that he wrote the letters.

■ Defendant first argues that there was insufficient evidence to convict him of solicitation. He contends that the evidence was insufficient for the court to find that he had the requisite "intent of causing another to engage in specific conduct constituting a crime." ORS 161.435(1). Defendant failed to move for a judgment of acquittal, and we decline to address the issue. *State v. Twitty*, 85 Or App 98, 104, 735 P2d 1252, *rev den* 304 Or 56 (1987).

■ Defendant next contends that, because the letters were never received by the addressee, he did not commit the crime of solicitation, but only attempted solicitation.[1] Solicitation is defined in ORS 161.435(1):

---

[1] As noted, defendant did not move for judgment of acquittal, and the state argues that our review of this issue is, therefore, inappropriate. However, defense counsel did raise the legal issue of whether the evidence proved a completed solicitation. He stated:

"Your Honor, before you enter a judgment, I do have a legal argument in regards [*sic*] to one facet of this matter * * *. [I]mplicit in every definition of 'solicit' * * * is a transmitted communication. And the evidence is clear that Mr. Thrasher never received any of the letters."

The court gave the state an opportunity to respond to defendant's argument and concluded that it would "find [defendant] guilty of solicitation and you can handle it on appeal."

> "A person commits the crime of solicitation if with the intent of causing another to engage in specific conduct constituting a crime punishable as a felony or as a Class A misdemeanor or an attempt to commit such felony or Class A misdemeanor the person commands or solicits such other person to engage in that conduct."

The statute contains two elements: *mens rea* and *actus reus.* Defendant was found by the trial court to have the specified state of mind. He argues, however, that the *actus reus* proved by the state was insufficient to support a conviction, because the intercepted letters do not constitute a completed solicitation.

The statute provides that a person is guilty of solicitation if that person "commands or solicits" another to engage in criminal conduct constituting a felony or a Class A misdemeanor. However, the terms "command" or "solicit" are not defined in the statute, and it is unclear whether they include circumstances where a communication is not received. Our function is to construe the statute to carry out the legislature's intent. *See* ORS 174.020; *Viking Ins. Co. v. Perotti,* 308 Or 623, 629, 784 P2d 1081 (1989). The issue of an unreceived solicitation is not specifically discussed in the commentary to the statute. It is noted in the commentary, however, that the terms "request" and "encourage" were not included in the statute, because the drafters were concerned that such language might be "too open-ended." *Commentary to Oregon Criminal Code of 1971* 54, § 57 (1975 ed).

It is also noted in the commentary that the word "solicits" was used "because it is an historic legal term that would carry with it the traditional limitations that are intended." *Commentary to Oregon Criminal Code of 1971* 54, § 57 (1975 ed). At common law, solicitation probably required that the communication be completed:

> "What if the solicitor's message never reaches the person intended to be solicitated, as where an intermediary fails to pass on the communication or the solicitor's letter is intercepted before it reaches the addressee? The act is nonetheless criminal, although it may be that the solicitor must be prosecuted for an attempt to solicit on such facts."

2 LeFave, *Substantive Criminal Law* 12, § 6.1 (1986).

Solicitation in the Oregon Penal Code was based, in

part, on the Model Penal Code. *See Commentary to Oregon Criminal Code of 1971* 53, § 57 (1975 ed). Significantly, the legislature did not adopt the provision of the Model Penal Code that specifically provides that solicitation may be based on an incomplete communication.[2] *See State v. Cotton,* 790 P2d 1050 (NM App), *cert den* 790 P2d 1032 (1990).

█ █ We conclude that a completed communication is required to prove the crime of solicitation. Accordingly, defendant's conviction for solicitation was error. An attempt to solicit is necessarily included in the completed crime. *See State v. Anderson,* 241 Or 18, 21, 403 P2d 778 (1965). Because the trial court found defendant guilty of acts constituting attempted solicitation, no new trial is required. *See* Or Const, Art VII (amended), § 3; ORS 138.240.

Conviction for solicitation vacated; remanded with instructions to enter a judgment of conviction for attempted solicitation and for resentencing.

---

[2] Model Penal Code § 5.02(2) provides:

"It is immaterial under Subsection (1) of this Section that the actor fails to communicate with the person he solicits to commit a crime if his conduct was designed to effect such communication."