# Illinois Official Reports

## Supreme Court

---

### *People v. Boyce*, 2015 IL 117108

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANTHONY BOYCE, Appellant. |
| Docket No. | 117108 |
| Filed | February 20, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A claim that the offense of attempted solicitation of murder does not exist in Illinois was rejected in the case of an inmate who requested a murder by writing letters which never reached the addressee after they were placed in the prison mail system and intercepted by prison officials—criminal intent established and general attempt statute applicable. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. James B. Linn, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and Philip D. Payne, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Annette Collins and Douglas P. Harvath, Assistant State's Attorneys, of counsel), for the People.

Justices

JUSTICE KARMEIER delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Anthony Boyce, was convicted in the circuit court of Cook County of attempted solicitation of murder. In this appeal, he contends that offense does not exist in Illinois. We reject that argument, and we now affirm the judgment of the appellate court. 2013 IL App (1st) 102318-U.

¶ 2                STATUTES INVOLVED

¶ 3    Section 8-1.1 of the Criminal Code of 1961 (720 ILCS 5/8-1.1 (West 2008)) provides in pertinent part:

"Solicitation of Murder. (a) A person commits solicitation of murder when, with the intent that the offense of first degree murder be committed, he commands, encourages or requests another to commit that offense.

(b) Penalty. Solicitation of murder is a Class X felony and a person convicted of solicitation of murder shall be sentenced to a term of imprisonment for a period of not less than 15 years and not more than 30 years ***."

¶ 4    Section 8-4 of the Criminal Code (720 ILCS 5/8-4 (West 2008)) provides:

"Attempt.

(a) Elements of the Offense.

A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.

* * *

(c) Sentence.

* * *

- 2 -

(2) the sentence for attempt to commit a Class X felony is the sentence for a Class 1 felony[.]"

¶ 5                                                BACKGROUND

¶ 6        Defendant, who was serving a sentence of natural life in prison for a prior murder, mailed a series of letters that were intercepted and opened by prison officials. Based on the contents of the letters, defendant was charged with one count of solicitation of murder and one count of attempt solicitation of murder.

¶ 7        The State charged defendant with solicitation and attempt solicitation on a "request" theory. In the first count of the indictment, it was alleged that defendant, "with the intent that the offense of First Degree Murder be committed, to wit: that an unidentified drug addict be killed, *** requested that Xavier Tripp commit the offense of First Degree Murder of the unidentified drug addict" in violation of section 8-1.1(a) of the Criminal Code. In the second count, the State alleged that defendant, "with the intent that the offense of First Degree Murder be committed, to wit: that an unidentified drug addict be killed, *** mailed a request to Xavier Tripp, requesting that Xavier Tripp commit the offense of First Degree Murder of the unidentified drug addict" in violation of section 8-4(a) of the Criminal Code.

¶ 8        Subsequently, defendant filed a motion to dismiss count I of the indictment. In that motion, defendant argued "to be found guilty of the crime of solicitation, the defendant must have actually communicated to the person allegedly solicited. *** A command, encouragement, or request cannot be made if no one is there to receive it. Thus, an incomplete communication—a message that was never received by its intended recipient—cannot be a solicitation."

¶ 9        Defendant observed that there was no Illinois case law on point; however, he noted that other jurisdictions had considered the issue and had "concluded that solicitation requires a completed communication." Defendant cited *State v. Andujar*, 899 A.2d 1209, 1219 (R.I. 2006) (recognizing that "defendant's conduct was culpable enough to warrant prosecution," but the "proper vehicle" would be a charge of attempted solicitation, rather than solicitation); *People v. Saephanh*, 94 Cal. Rptr. 2d 910, 915-17 (Cal. Ct. App. 2000) (holding that "solicitation requires a completed communication," but rejecting defendant's contention that "he is guilty of no crime," finding that "[a]ttempted solicitation of murder is a crime in California"); *State v. Lee*, 804 P.2d 1208, 1210-11 (Or. Ct. App. 1991) (concluding "that a completed communication is required to prove the crime of solicitation" but finding no new trial was required "[b]ecause the trial court found defendant guilty of acts constituting attempted solicitation"); *State v. Cotton*, 790 P.2d 1050, 1052-55 (N.M. Ct. App. 1990) (holding that a completed communication is required for a solicitation conviction, but suggesting that the solicitor may be prosecuted for an attempt to solicit).

¶ 10       Defendant contended: "The same reasoning should apply here. As in *Saephanh* and *Andujar*, the plain language of the Illinois statute requires that a communication be received in order to complete the offense of solicitation." Defendant also observed that the appellate courts in *Lee* (Oregon) and *Cotton* (New Mexico) had "noted that their penal codes, although partially adopting the Model Penal Code (MPC) definition of solicitation," had "specifically omitted the section of the MPC definition that would criminalize uncommunicated solicitation[,]" and defendant suggested that, though Illinois had "substantially adopted its solicitation statute from the MPC, including the 'commands, encourages, or requests' language," Illinois had

"declined to adopt the section of the MPC that would proscribe uncommunicated solicitation[,]" thus demonstrating that "the statute does in fact require a completed solicitation for the offense of solicitation."

¶ 11 Defendant concluded that "the charge of Solicitation of Murder should be dismissed" and the "charge of Attempt to Solicitation should be the subject of a trial." He admitted that he wrote and sent the letters; he disputed only "that the content of the letters constitutes an attempted solicitation." The State chose to nol-pros the solicitation charge and proceed on the attempt charge alone.[1]

¶ 12 Defendant then filed a "trial memorandum of law with respect to the charge of attempt solicitation of murder. In that memorandum, defendant argued, *inter alia*:

"This crime is an impermissible stacking of double inchoate crimes. Convictions of this crime and other double inchoate crimes have been invalidated and reversed in numerous federal and state courts. Moreover, the crime of attempt solicitation of murder is a frustration of the legislature's intent. A careful analysis of the statutes shows that the legislature never intended for such an attempt solicitation to be an offense. Furthermore, the crime of attempt solicitation of murder is logically absurd. Finally, the attempt statute is void for vagueness as applied because it combines the elements of three crimes and does not offer a person of ordinary intelligence a reasonable opportunity to know what activity is prohibited."

The parties proceeded to a bench trial on the attempt charge, and defendant was found guilty. In his posttrial motion, defendant reiterated some of the points raised in his trial memorandum, concluding that "the crime of Attempt Solicitation of Murder does not exist." The circuit court denied the motion, and defendant appealed.

¶ 13 The appellate court affirmed defendant's conviction for attempted solicitation of murder, concluding "that defendant was not convicted of a non-existent offense." 2013 IL App (1st) 102318-U, ¶ 40. In so holding, the appellate court reasoned that the lack of specific attempt language within the statutory definitions of solicitation and solicitation of murder is indicative of the legislature's intent for the general attempt statute to apply to the offense of solicitation of murder. 2013 IL App (1st) 102318-U, ¶ 40.

¶ 14                                                    ANALYSIS

¶ 15 Our primary objective in construing a statutory scheme is to ascertain and give effect to the intent of the legislature. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *People v. Hunter*, 2013 IL 114100, ¶ 13. In the event there is ambiguity, the rule of lenity requires that it be resolved in a manner that favors the defendant; however, "this rule must not be stretched so far as to defeat the legislature's intent." *People v. Jones*, 223 Ill. 2d 569, 581 (2006). In the course of statutory construction, we may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. We presume that

---

[1]The State's action appears to reflect its position in this appeal. In this appeal, the State asserts: "By its plain language, Illinois's solicitation of murder statute expressly requires that the words of solicitation successfully be communicated for the offense to be complete."

- 4 -

the legislature did not intend to create absurd, inconvenient, or unjust results. *Hunter*, 2013 IL 114100, ¶ 13; *People v. Jackson*, 2011 IL 110615, ¶ 12.

¶ 16 As noted, section 8-1.1(a) of the Criminal Code (720 ILCS 5/8-1.1(a) (West 2008)) provides that "[a] person commits solicitation of murder when, with the intent that the offense of first degree murder be committed, he commands, encourages or requests another to commit that offense." Solicitation of murder is a Class X felony. 720 ILCS 5/8-1.1(b) (West 2008). Although the standard period of incarceration for a Class X felony is 6 to 30 years (730 ILCS 5/5-4.5-25(a) (West 2008)), the legislature has mandated that a person convicted of solicitation of murder is subject to a higher minimum of 15 years in prison. 720 ILCS 5/8-1.1(b) (West 2008).

¶ 17 "A person commits an attempt when, with intent to commit a specific offense, he does any act that constitutes a substantial step toward the commission of that offense." 720 ILCS 5/8-4(a) (West 2008). "[T]he general attempt provision is ordinarily applicable to all offenses," however, "[w]here application of the attempt provision to a principal offense creates an inherent impossibility, the offense cannot exist." *People v. Morgan*, 203 Ill. 2d 470, 476 (2003), *overruled on other grounds by People v. Sharpe*, 216 Ill. 2d 481, 516-21 (2005). Moreover, the appellate court has held (see *People v. Harding*, 401 Ill. App. 3d 482 (2010)), and we agree, that the general attempt statute is inapplicable where the legislature intends that the more specific crime subsume an attempt, "and that such legislative intent is shown by the inclusion of explicit 'attempt' language in the definition of the specific offense." *Harding*, 401 Ill. App. 3d at 487 (because "attempt" language was included in the child abduction statute, the court concluded the legislature meant to preclude application of the general attempt statute to defendant's actions).

¶ 18 We begin with an examination of the plain language of section 8-1.1(a), which provides that the offense of solicitation of murder is committed "when, with the intent that the offense of first degree murder be committed, he commands, encourages or requests another to commit that offense." 720 ILCS 5/8-1.1(a) (West 2008). In this case, defendant's intent is not in dispute, so the next point of analysis—before we consider whether attempted solicitation of murder is an offense in Illinois, and whether defendant committed it—is to ascertain what conduct is necessary to commit the principal offense of solicitation.

¶ 19 Our solicitation statutes state that a person commits solicitation when he "commands, encourages or requests another" to commit the principal offense. Legislative intent is easily discerned, from the plain meaning of the statutory phraseology, when solicitor and solicitee are communicating verbally in real time; however, the intent of the legislature is not so clearly expressed when applied to letters that do not reach the intended recipient.

¶ 20 On the one hand, it is reasonable to argue that defendant, by posting the letters for delivery in the prison mail, did all he could do, within the written medium and the means available to him for transmission, to "request" that another person commit murder, which is what is seemingly required under the terms of section 8-1.1(a) of the Criminal Code (720 ILCS 5/8-1.1(a) (West 2008)) to commit solicitation of murder. Defendant's criminal intent is established whether or not the letters reach the intended recipient. The danger presented by defendant's conduct is the same, whether or not the letters are fortuitously intercepted.

¶ 21 On the other hand, one could also reasonably argue that defendant has *not* requested that another commit murder where the letters of solicitation never reach the intended recipient. In

other words, defendant has made a request, but it is not a request of another, unless it reaches the other. Much as a defendant who fires a shot intending to kill another does not commit murder unless the bullet fatally strikes the intended target, a defendant who intends to solicit the commission of an offense, and dispatches a letter for that purpose, is not guilty of the completed offense of solicitation unless the letter reaches the intended recipient and conveys the inducing criminal request. As evinced by the cases defendant cited in the circuit court in support of his motion to dismiss the solicitation charge, that view is far and away the prevailing view among those jurisdictions that have considered this issue, though there are some minor features in those statutes that arguably distinguish them from our own.

¶ 22 We consider whether a statute is ambiguous in the context of the facts of the case before us. See *People v. Hicks*, 164 Ill. 2d 218, 223 (1995) (finding "no ambiguity *** in the extended-term sentencing provision as applied to the facts of the case presently before us"); *People v. Fabing*, 143 Ill. 2d 48, 58 (1991) (concluding that "defendant may properly be convicted under the Act, even though there exists some ambiguity as to whether the Act may be properly applied under a different set of facts"); *People v. Salley*, 373 Ill. App. 3d 106, 111-12 (2007) (distinguishing another appellate decision that found the statute " 'ambiguous' only in the context of the facts of that case"). The language of a statute is ambiguous if it is susceptible to more than one reasonable interpretation. *People ex rel. Department of Public Aid v. Smith*, 212 Ill. 2d 389, 397 (2004). We conclude Illinois's solicitation statutes are ambiguous when applied to the facts of this case. Where a statute is ambiguous, "we must go beyond the statute itself and resort to extrinsic aids of statutory construction to determine the legislature's intent, which include consideration of the statute's purpose, necessity for the law and policy concerns that led to its passage." *Ranjha v. BJBP Properties, Inc.*, 2013 IL App (1st) 122155, ¶ 10 (citing *People v. Collins*, 214 Ill. 2d 206, 214 (2005)).

¶ 23 In that endeavor, we turn, first, to the committee comments to the Criminal Code of 1961. Although the committee comments to section 8-1 provide no interpretational guidance with respect to the facts of this case, the concluding paragraph of the comments to "Title III. Specific Offenses, Part A. Inchoate Offenses" provides at least some direction:

> "In view of the comprehensive and exhaustive review of the law on all three [inchoate] offenses in Model Penal Code comments and appendices ***, no attempt will be made here to discuss in detail the many questions involved, and how they are treated in the statutes and case law of the various jurisdictions. The Model Penal Code adequately supplies such detailed discussion." 720 ILCS Ann. 5/art. 8, Committee Comments—1961, at 577 (Smith-Hurd 2002).

Obviously, the drafters of Illinois's solicitation statute were aware of the treatment of that offense in the MPC. We look, then, to that section of the MPC.

¶ 24 Section 5.02 of the MPC (Model Penal Code § 5.02 (1985)) defines criminal solicitation as follows:

> "(1) Definition of Solicitation. A person is guilty of solicitation to commit a crime if with the purpose of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct that would constitute such crime or an attempt to commit such crime or would establish his complicity in its commission or attempted commission.

- 6 -

(2) <u>Uncommunicated Solicitation</u>. It is immaterial under Subsection (1) of this Section that the actor fails to communicate with the person he solicits to commit a crime if his conduct was designed to effect such communication."

As defendant observed in his motion to dismiss count I of the indictment, though the General Assembly "substantially adopted [the] solicitation statute from the MPC, including the 'commands, encourages, or requests' language," it "declined to adopt the section of the MPC that would proscribe uncommunicated solicitation." Like the courts in *Lee* and *Cotton* (*Lee*, 804 P.2d at 1210; *Cotton*, 790 P.2d at 1052-55) we ascribe significance to that omission. We believe it signals legislative intent that uncommunicated solicitations are not to be treated as completed solicitations. Thus, we conclude, where a letter is employed as the means of solicitation, the letter must actually reach the intended recipient for the crime of solicitation to be complete. That result, we observe, is in accord with the overwhelming weight of authority from other jurisdictions, as expressed in *Andujar*, *Saephanh*, *Lee* and *Cotton.*

¶ 25 However, we reject defendant's contentions that he is guilty of nothing, and that the crime of attempted solicitation does not exist in Illinois. Initially, we disagree with defendant's assertion that the crime of attempted solicitation is logically absurd. The well-reasoned analyses of the courts in *Andujar*, *Saephanh*, *Lee* and *Cotton* refute that claim. Though all held that letters soliciting the crimes in question had to reach and be read by the intended recipients for the crime of solicitation to be complete, they nonetheless all determined that convictions for attempted solicitation would be proper where the letters were sent by defendants, but were not received by the addressees. *Andujar*, 899 A.2d at 1219; *Saephanh*, 94 Cal. Rptr. 2d at 915-17; *Lee*, 804 P.2d at 1210-11; *Cotton*, 790 P.2d at 1052-55. See also *People v. Bloom*, 133 N.Y.S. 708, 710-11 (1912) (employing an analysis suggesting that the foregoing outcome has been prevalent for more than a century).

¶ 26 Commentators agree that a charge of attempt would be reasonable and proper in this circumstance. Although the drafters of the MPC chose to incorporate an attempt to solicit in the substantive charge of solicitation itself, they nonetheless recognized that a charge for attempted solicitation would, logically, stand on its own in a separate prosecution and that public policy considerations warranted criminal responsibility in either case. The MPC comments observe:

"Where, under the law existing prior to the drafting of this section of the Model Penal Code, it was criminal to solicit another to commit a crime, liability attached even though the communication failed to reach the party intended to be solicited, although generally in the latter instance the solicitor had to be prosecuted for an attempt to solicit. Under Subsection (2), conduct 'designed to effect' communication of the culpable message is sufficient to constitute criminal solicitation and there is therefore no need for a crime of attempted solicitation.

*** The crucial manifestation of dangerousness lies in the endeavor to communicate the incriminating message to another person, it being wholly fortuitous whether the message was actually received. Liability should attach, therefore, even though the message is not received by the contemplated recipient ***." Model Penal Code and Commentaries (Official Draft and Revised Comments) § 5.02, at 380-81 (1985).

¶ 27    In his treatise, Professor Wayne LaFave also rejects the notion that a defendant, in this situation, should be guilty of nothing:

"What if the solicitor's message never reaches the person intended to be solicitated, as where an intermediary fails to pass on the communication or the solicitor's letter is intercepted before it reaches the addressee? The act is nonetheless criminal, although it may be that the solicitor must be prosecuted for an attempt to solicit on such facts. Liability properly attaches under these circumstances, as the solicitor has manifested his dangerousness and should not escape punishment because of a fortuitous event beyond his control." 2 Wayne R. LaFave, Substantive Criminal Law § 11.1(c), at 198 (2d ed. 2003).

LaFave notes that various state solicitation statutes explicitly subsume attempted solicitation within the substantive offense of solicitation by including "attempt" language within the definition of the principal offense. See 2 Wayne R. LaFave, Substantive Criminal Law § 11.1(c), at 198 n.93 (2d ed. 2003) (citing statutes in Delaware, Georgia, New York, Iowa, North Dakota, Virginia, Maine, Texas, New Mexico, and Tennessee).[2]

¶ 28    Our solicitation statute does not contain "attempt" language. However, what that means is that we assume our general attempt provision is applicable, absent inherent impossibility. *Morgan*, 203 Ill. 2d at 476. There is no inherent impossibility here. Our discussion heretofore demonstrates that courts and commentators alike have recognized the logic of holding a defendant criminally responsible, either via the principal, substantive offense of solicitation, or by means of attempt provisions, for solicitation that, by reason of mere fortuity, does not reach the intended recipient. Such a construction of our statutes, as they relate to criminal solicitation, is neither "illogically absurd," nor does it result in "impermissible stacking of double inchoate crimes," as defendant contends.

¶ 29    Defendant contends, *inter alia*, that the mere placement of statutes defining attempt and solicitation in a common section entitled "Inchoate Offenses," is sufficient to signal legislative intent that there be no offense of attempted solicitation of murder. Moreover, choosing to characterize solicitation as equivalent to attempt, he advances the contention that there can be no "attempt to attempt."

¶ 30    With respect to the former contention, we find the umbrella categorization of both solicitation and attempt in "Part A. Inchoate Offenses" insufficient to bear the weight that defendant places on it. We note that attempt and solicitation also fall under "Title III. Specific Offenses." Illinois's attempt statute provides that "[a] person commits an attempt when, with intent to commit *a specific offense*, he does any act which constitutes a substantial step toward the commission of that offense." (Emphasis added.) 720 ILCS 5/8-4(a) (West 2008). Solicitation of murder is a "specific offense" to which attempt should be applicable.

¶ 31    As for defendant's second contention, it would seem obvious that there would be no need for a statute proscribing solicitation if the legislature meant for statutory attempt provisions to

[2]One example of a statute's incorporation of attempt language can be found in section 102(h) of the Illinois Controlled Substances Act, where "delivery" is defined as "the actual, constructive *or attempted* transfer of possession of a controlled substance." (Emphasis added.) 720 ILCS 570/102(h) (West 2008). A second example can be found in Illinois's child abduction statute, where the offense is committed when, in pertinent part, the defendant "lures *or attempts to lure* a child." (Emphasis added.) 720 ILCS 5/10-5(b)(10) (West 2008).

comprehensively apply. As the MPC comments observe, "each of the two inchoate offenses presents problems not pertinent to the other." Model Penal Code and Commentaries (Official Draft and Revised Comments) § 5.02, at 372-73 (1985). See also *Cotton*, 790 P.2d at 1055 ("The offenses of solicitation and attempt are analytically distinct in their elements because solicitation unlike attempt, is in the nature of preparation to commit an offense, rather than an act or acts in furtherance of the offense attempted."). Of course, if the solicitation statute were construed as subsuming uncommunicated solicitation, or revised to that effect, there would be no suggestion of an "attempt to attempt"—the conduct would simply be solicitation, regardless of the fortuity of interception.

¶ 32 We acknowledge defendant's argument that our recognition of an offense of attempted solicitation, generally, may cause sentencing uncertainty in other contexts, and his suggestion that this indicates the legislature did not intend to create that offense. Specifically, defendant points to the penalty provision of the general solicitation statute (720 ILCS 5/8-1(b) (West 2008)), which cross-references subsection (c) of section 8-4 of the Criminal Code for purposes of sentencing (720 ILCS 5/8-4(c) (West 2008)). Defendant concedes that there is no problem in this case as the statute defining the offense of solicitation of murder identifies that offense as a Class X felony (720 ILCS 5/8-1.1(b) (West 2008)), which would, by application of the Criminal Code's attempt provision (720 ILCS 5/8-4(a) (West 2008)), and the penalty provisions therein (720 ILCS 5/8-4(c) (West 2008)), result in a clearly defined Class 1 felony and sentence for attempted solicitation of murder. There is no uncertainty here. Any sentencing issues pertinent to offenses not presently before this court will have to wait for another day.

¶ 33                                            CONCLUSION

¶ 34 In sum, we believe the legislature did not intend that a defendant, in these circumstances, escape criminal liability simply because the prison authorities were vigilant enough to intercept his letters before they reached the intended recipient. Neither Illinois's statutory scheme nor case law requires that result. Defendant was properly convicted of attempted solicitation of murder.

¶ 35 For the foregoing reasons, we affirm the judgment of the appellate court.

¶ 36 Affirmed.