(No. 41805.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* NELSON E. EVELAND, Appellant.

*Opinion filed May 28, 1969.—Rehearing denied September 23, 1969.*

NORMAN S. LONDON, of St. Louis, Missouri, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and RICHARD E. RICHMAN, State's Attorney, of Murphysboro, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant, tried by a jury and convicted of the offense of attempt to obstruct justice, appeals directly to this court and raises two issues. First the defendant challenges the sufficiency of the indictment under section 9 of article II of the Illinois constitution, and section 111—3 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1967, ch. 38, par. 111—3.) Next, he complains of the sufficiency of the evidence, specifically the State's failure to prove one or more of the essential elements of the crime charged against him. Although it is the constitutional issue which brings this case directly to the court, that issue need not be decided if the second issue disposes of the case. Therefore the defendant's second ground for reversal will be considered first.

The indictment charged the defendant with attempt to obstruct justice by knowingly taking a substantial step toward the destruction or concealment of physical evidence to be used by the State against Edward Sarver and Ernest C. Bailey, with intent to obstruct the prosecution of those individuals, in violation of sections 8—4 and 31—4 of the Criminal Code. (Ill. Rev. Stat. 1967, ch. 38, pars. 8—4 and

31—4.) The evidence presented by the State during its case-in-chief established the following facts: On March 18, 1968, at approximately 4:20 A.M., the Holiday Inn in Carbondale, Illinois, was robbed by two masked men armed with a pistol and a revolver. Shortly thereafter the local police were called to the scene of a wrecked automobile. At a time close to this latter event, Edward Sarver and Ernest C. Bailey were arrested in connection with the robbery. These men were taken to the scene of the wrecked automobile where a 9 mm automatic was recovered. The police learned that Edward Sarver lived in a trailer in Murphysboro, Illinois, and an appropriate search warrant was obtained.

On the afternoon of March 19, 1968, three police officers went to conduct a search of the trailer formerly occupied by Edward Sarver. There they discovered two persons carrying items out of the trailer, apparently loading the items into two automobiles. One of these persons was a woman who had been living with Edward Sarver as his wife in the trailer. The second person was the defendant who was in the process of carrying clothing from the trailer to his automobile a short distance away. Clothing, both loose and on hangers, was found in the defendant's car. At least one item of the clothing bore a laundry mark which indicated it belonged to Edward Sarver. In the pocket of a man's raincoat found in the trunk of defendant's car, the police discovered a clip containing twelve rounds of ammunition for a 9 mm Browning automatic. Miscellaneous household goods were found in the second automobile parked near the trailer and the search of the trailer itself revealed burglary tools, goggles and scraps of female hose. The defendant and the woman were arrested.

After presenting this evidence the State rested. The defendant moved for a directed verdict and the motion was denied by the court. The State now seeks to rely upon the testimony of defense witnesses to uphold defendant's conviction. On examination of this testimony, we find that it

does not aid the State's case. In our judgment, the evidence was insufficient and the cause must therefore be reversed.

To sustain a conviction for attempt, the State must show an intent to commit a specific offense and an overt act constituting a substantial step toward commission of that offense. (*People* v. *Richardson,* 32 Ill.2d 497, 502.) From a consideration of the record in the instant case, it is clear that the State failed to prove the requisite element of intent, *viz.,* that the defendant was attempting to destroy or conceal any evidence which the State could have used against Edward Sarver and Ernest C. Bailey. The State merely proved that the day after the Holiday Inn robbery defendant had assisted the woman who shared a trailer with Edward Sarver to remove certain household items and clothing from the trailer to two automobiles, including his own. There was no evidence that the defendant had removed or intended to remove incriminating evidence from the trailer. Although an ammunition clip was found in one item of clothing which the defendant probably took from the trailer to his automobile, the clip was not shown to fit any weapon used in the Holiday Inn robbery. There was no proof at all of any connection between the car wreck on March 18, 1968, the discovery of a 9 mm automatic at the scene of the car wreck, and the persons accused of the Holiday Inn robbery or the ammunition clip discovered in defendant's automobile. Apparently the State would infer from the evidence adduced on trial that the ammunition clip in the raincoat matched the 9 mm automatic found at the car wreck and that the car involved in the wreck was driven by Edward Sarver and Ernest C. Bailey after the Holiday Inn robbery. The facts proved do not support such inferences.

We hold that the trial court erred in denying defendant's motion for directed verdict. Accordingly, the judgment of the circuit court of Jackson County is reversed.

*Judgment reversed.*