THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUTH WALLACE *et al.,* Defendants-Appellants.

(Nos. 57271, 57273 cons.;

First District (5th Division)—February 23, 1973.

Arthur E. Engelland, of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

On May 16, 1964, Katie Holloway, Ruth Wallace, and a third party were standing in the doorway of a Chicago department store when they were arrested by two police officers. One of the officers testified that they had seen Holloway and Wallace suspiciously transferring huge sums of money to each other. Confiscating the money, the officers put the three in a police car. The officers testified that en route to the station, Mrs. Wallace told them: "Take the money and let me go, my job is in jeopardy." Miss Holloway then said: "Let us go, take the money and let us go." Both Mrs. Wallace and the third party denied the conversation.

On May 7, 1965, the defendants, Ruth Wallace and Katie Holloway, were found by a jury to be guilty of "attempt" (bribery) in violation of Ill. Rev. Stat. 1963, ch. 38, sec. 8—4.* On February 6, 1968, defendants filed a motion to void judgment and sentence, pursuant to Ill. Rev. Stat. 1967, ch. 110, sec. 72. The grounds were that the crime of attempted bribery no longer exists in Illinois. A hearing was held on June 17, 1968. The motion was denied. From that ruling, this appeal is taken. The sole issue presented for review is whether the crime of attempted bribery exists under Ill. Rev. Stat. 1963, ch. 38, sec. 8—4.

*OPINION*

Bribery and attempted bribery were apparently distinguishable offenses under earlier Illinois statutes. Traditionally, the distinction between the two was that bribery necessitated two individuals (the offeror and acceptor), with corrupt motives, whereas attempted bribery required a corrupt motive on the part of only one individual. Illinois Revised Statutes 1953 (applicable in *People v. Lyons* (1954), 4 Ill.2d 396, 122 N.E.2d 809), are typical of the statutes prior to January 1, 1962. They provided for the crime of bribery in ch. 38, sec. 78 and attempted bribery in ch. 38, sec. 79:

> "§ 78 Whoever corruptly, directly or indirectly, *gives* any money or other bribe  *  *  *.
>
> § 79 Every person who shall *offer* or *attempt* to bribe  *  *  *."
> (Emphasis added.)

In *People v. Peters* (1914), 265 Ill. 122, 106 N.E. 513, the Illinois Supreme Court construed two provisions similar to section 78 and section 79. The court held that bribery and attempted bribery were distinguishable by the number of guilty parties involved. The court noted that to sustain the conviction for bribery, both a culpable offer and acceptance are required. The culpable acceptance was lacking in *Peters;* the acceptor knowingly concealed officials in his office so that they might serve as witnesses in the future prosecution. Thus, the court reversed the conviction under the bribery statute (similar to section 78).

*People v. Lyons* (1954), 4 Ill.2d 396, 122 N.E.2d 809, is heavily relied upon by defendants. The facts in *Lyons* are almost identical to those in *Peters*. Defendant was convicted of bribery under section 78. The acceptor of the bribe had also knowingly concealed officials in his office for

---

* Section 8—4(a) reads:
  "Elements of the Offense.
  A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense."

purposes of witnessing the crime. Affirming the conviction, the Illinois Supreme Court explicitly overruled *Peters* and stated at 4 Ill.2d 396, 399, 122 N.E.2d 809, 811:

> "A reasonable construction of the provisions in the light of their evident purpose requires that any person who corruptly engages in any such transaction is guilty of bribery, regardless of the motive of the other party thereto."

The practical effect of *Lyons*, defendants argue, is that by requiring only one culpable party to complete the offense of bribery, *Lyons* eliminates the traditional distinction between bribery and attempted bribery. Thus, by merging the two offenses, the *Lyons* court has, in effect, rendered the attempted bribery statute, section 79 at the time of *Lyons*, a nullity. The argument concludes that since the present attempt statute (Ill. Rev. Stat. 1963, ch. 38, sec. 8—4), to the extent it is used to prosecute bribery cases, is only a modern day version of section 79, section 8—4 is also a nullity.

We do not agree with defendants' theory. Their critical assumption that *Lyons* rendered section 79 void is wholly without merit. Section 79 was still a viable part of the criminal law after that decision. The Illinois Supreme Court in *Lyons* merely held that prosecution under section 78 (the bribery statute) was valid. This is a far cry from a holding, as defendants urge us to conclude, that any prosecution under section 79 (the attempted bribery statute) would be void. The facts in the case at bar illustrate the continued validity of section 79 after *Lyons*. The case at bar involves the mere *offer* of money, without acceptance. Conviction in a case similar to the present case could properly have rested prior to 1962 on section 79 ("every person who shall offer"), without disturbing the *Lyons* decision. We thus hold that *Lyons* broadened section 78, but did not narrow section 79. Therefore, the crime of attempted bribery still existed after *Lyons*. Defendants do not contend that any development *after* *Lyons* has rendered the present attempted bribery statute (Ill. Rev. Stat. 1963, ch. 38, sec. 8—4) a nullity. Thus, since attempted bribery existed after *Lyons* (section 79), it still exists today.

Any decision that prosecution under Ill. Rev. Stat. 1963, ch. 38, sec. 8—4 for attempted bribery should cease is properly a legislative one. In the absence of the legislature's intent to deprive section 8—4 of its effect in bribery cases, this court shall not find section 8—4 void in such cases.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

DRUCKER, P. J., and ENGLISH, J., concur.