THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY AGRIESTI, Defendant-Appellant.

Second District   No. 2—88—1190

Opinion filed December 1, 1989.

Carl M. Walsh, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Robert J. Huguelet, Jr., of Thomas F. Courtney & Associates, of Palos Heights (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:
Following a stipulated bench trial, defendant, Anthony Agriesti, was convicted of conspiracy (gambling) (Ill. Rev. Stat. 1987, ch. 38, pars. 8—2, 28—1(a)(3)), sentenced to two years' conditional discharge, and fined $1,000 and costs. On appeal, defendant contends that the

classification of conspiracy (gambling) as a Class 3 felony, when gambling itself is only a Class A misdemeanor, violates the constitutional requirements of due process and proportionality of punishment. We affirm.

Defendant was charged in a two-count indictment with gambling and conspiracy (gambling). Prior to trial, the State nol-prossed the gambling charge, and defendant went to trial on stipulated evidence. The stipulated evidence established that defendant owned certain slot machines which he installed in the Addison VFW post. VFW members had access to the machines for gambling. Walter Moeller, quartermaster of the VFW post, had a key to the machines and was in charge of collecting the money from the machines. Defendant would perform any needed repairs to the machines, and he would come to the VFW post every Friday to collect the proceeds of the machines. Defendant would divide the proceeds: half for defendant, half for the VFW bar. Defendant was convicted of conspiracy (gambling) and sentenced to two years' conditional discharge and fined $1,000 and costs.

On appeal, defendant first contends that the classification of conspiracy (gambling) as a Class 3 felony violates the due-process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2). Defendant points out that the constitutionality of the sentencing scheme at issue here has been challenged before. In *People v. Roberts* (1980), 83 Ill. App. 3d 311, the appellate court determined that the classification of conspiracy (gambling) as a Class 3 felony withstood an equal protection challenge. Here, defendant challenges the classification on due-process grounds and asserts that *Roberts* is not dispositive.

Defendant has not presented a reasoned analysis in support of his claim that the sentencing scheme violates due process. However, defendant has cited certain cases which do present reasoned analyses of due-process challenges to the classification of other types of offenses. Specifically, defendant cites *People v. Bradley* (1980), 79 Ill. 2d 410 (possession of a controlled substance), and *People v. Wagner* (1982), 89 Ill. 2d 308 (delivery of a substance represented to be a controlled substance). In light of defendant's citation to these cases, we will assume that defendant accepts the due-process analyses set forth in those cases. Although defendant's argument suggests that the standards may differ, in analyzing a possible due-process violation, the standard of review is identical to that used for equal protection. (*People v. R.G.* (1989), 131 Ill. 2d 328, 362.) The equal protection test the appellate court applied in *Roberts* is whether the legislative classification is rationally designed to further a legitimate State purpose. The due-process test the supreme court applied in *Bradley* and *Wag-*

*ner* is whether the statute is reasonably designed to remedy an evil which the legislature has determined to be a threat to the public. Therefore, as the State pointed out in its brief, the *Roberts* equal protection analysis and reasoning are, in fact, relevant to the due-process challenge presented here.

In *Roberts,* the court, relying heavily on the committee comments to the conspiracy statute (Ill. Ann. Stat., ch. 38, par. 8—2, Committee Comments, at 472-75 (Smith-Hurd 1989)), determined that the goal of the conspiracy statute is to prohibit agreement to do certain acts as evils in and of themselves, distinct from the offenses which are the objects of those agreements. The court concluded that the legislative classification is rationally designed to further that State goal because prosecuting conspiracies has a preventative aspect: that is, the discouragement of the more dangerous criminal activity of several persons by punishing the preliminary agreement to engage in such activity. *Roberts,* 83 Ill. App. 3d at 319.

■ We agree with *Roberts* that the legislature has identified an evil (group criminal activity) which it has determined to be a threat to the public, and, in light of the fact that group criminal activity is deemed more dangerous than solo activity, the enhanced punishment for conspiracy is rationally designed to remedy that evil.

■ Defendant also argues that the classification is fatally flawed because if defendant had been charged with both gambling and conspiracy (gambling), and he had been convicted of both offenses, the inchoate offense would have merged into the principal offense of gambling and defendant would have been subject to only a Class A misdemeanor conviction. Defendant cites section 8—5 of the Criminal Code of 1961 (Criminal Code) (Ill. Rev. Stat. 1987, ch. 38, par. 8—5), which prohibits convictions of both the inchoate and the principal offense.

Initially, we note that defendant was not convicted of both conspiracy and gambling; therefore, the point is moot. Furthermore, defendant's conclusion that section 8—5 provides that the inchoate offense will merge into the principal offense is incorrect.

The crime of conspiracy is separate and distinct from the crimes committed pursuant to it. (*People v. Bolla* (1983), 114 Ill. App. 3d 442, 448.) Section 8—5 of the Criminal Code provides that no person shall be convicted of both the inchoate and the principal offense; however, the committee comments to this section state that the statute "is intended to limit conviction and punishment to *either* the inchoate or the principal offense (where the principal offense is accomplished)." (Emphasis added.) (Ill. Ann. Stat., ch. 38, par. 8—5, Committee Com-

ments, at 584 (Smith-Hurd 1989).) Although both offenses may be prosecuted in the same trial, if a guilty verdict is entered on both counts, a judgment of conviction and sentence shall be entered on only one offense. (Ill. Ann. Stat., ch. 38, par. 8—5, Committee Comments, at 584-85 (Smith-Hurd 1989).) Nothing in the statute, or the committee comments, suggests that, where a defendant is found guilty of both the inchoate and the principal offense, the court must enter judgment of conviction on the principal offense and dismiss the inchoate charge. In fact, the court has the discretion to enter judgment on *either* verdict. Common sense dictates that judgment would typically be entered on the more serious offense. See *People v. Jackson* (1986), 145 Ill. App. 3d 626, 647 (defendant convicted of murder (Class X felony) and conspiracy (murder) (Class 2 felony); conspiracy conviction vacated).

Defendant also suggests that the classification of conspiracy (gambling) as a Class 3 felony violates the constitutional requirement of proportionality of punishment (Ill. Const. 1970, art. I, §11). Defendant's entire argument on this issue is premised on his belief that conspiracy (gambling) is a lesser-included offense of gambling. We disagree.

■ A lesser-included offense is an offense which contains some but not all of the elements of the greater offense and which contains no elements not included in the greater. (*People v. Pumphrey* (1983), 115 Ill. App. 3d 1031, 1033.) In count I of the indictment against defendant, which was later nol-prossed, defendant was charged with gambling in violation of section 28—1(a)(3) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 28—1(a)(3)). This section provides that a person commits gambling when he operates, keeps, owns, uses, purchases, exhibits, rents, sells, bargains for the sale or lease of, manufactures or distributes any gambling device. Section 8—2 of the Criminal Code (Ill. Rev. Stat. 1987, ch. 38, par. 8—2) provides that a person commits conspiracy when, with intent that an offense be committed, he agrees with another to the commission of that offense and an act in furtherance of such agreement is committed. Clearly, therefore, the crime of conspiracy includes elements of intent and agreement with another, and these elements are not part of the offense of gambling under this subparagraph. Because the offense of conspiracy (gambling) contains elements not included in gambling, it is not a lesser-included offense of gambling.

■ Section 11 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §11) provides that all penalties shall be determined both according to the seriousness of the offense and with the objective of

restoring the offender to useful citizenship. The constitutional command that penalties be proportioned to the nature of the offense would justify interference with the legislative judgment only if the punishment was cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community. (*People v. Gonzales* (1962), 25 Ill. 2d 235, 240.) Here defendant was sentenced to conditional discharge. Pursuant to section 5—6—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—2), the maximum sentence of conditional discharge for a misdemeanor is one year, and the maximum sentence of conditional discharge for a Class 3 felony is 30 months. We do not consider the penalty for conspiracy (gambling) to be so disproportionate to that of gambling that it could be considered cruel, degrading or shocking to the moral sense of the community. Because the legislature has determined that group criminal activity is a more serious evil, the application of a more stringent penalty to combat that evil is reasonable.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

DUNN and WOODWARD, JJ., concur.