THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARNELL D. TAYLOR, a/k/a Carnell Wesson, Defendant-Appellant.

Second District   No. 2—99—0074

Opinion filed July 11, 2000.

G. Joseph Weller and Dev A. Parikh, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Carnell Taylor, pleaded guilty to attempted armed violence (720 ILCS 5/8—4(a), 33A—2 (West 1998)). He now appeals the circuit court's order dismissing his postconviction petition. Defendant contends that his conviction of attempted armed violence is void because that offense does not exist.

Defendant originally was indicted for three counts of aggravated battery and two counts of armed violence as well as unlawful restraint, unlawful use of weapons by a felon, and unlawful use of weapons. Defendant eventually pleaded guilty to attempted armed violence. Pursuant to a negotiated plea agreement, the State amended the indictment to charge attempted armed violence and dismissed the remaining counts, and the trial court imposed an eight-year sentence. The factual basis for the plea was that defendant caused great bodily harm to the victim while making a substantial step toward possessing a handgun.

Defendant filed neither a motion to withdraw the plea nor a direct appeal. Defendant did file a petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 et seq. (West 1998)). The trial court summarily dismissed the petition, finding it frivolous and patently without merit.

Although the petition contains several claims, on appeal defendant argues only that the court erred in dismissing his claim that his conviction is void because there is no such crime in Illinois as attempted armed violence.

Defendant contends that because of the way the legislature and the courts have defined armed violence, it is impossible to take a substantial step toward committing the crime without completing it. Therefore, the crime of attempted armed violence cannot logically exist. Moreover, defendant argues that a conviction of a nonexistent offense is void and may be attacked at any time.

■ The State responds only that defendant has waived the issue

by failing to file a direct appeal. However, because a conviction of a nonexistent crime results in a void judgment not subject to waiver (*People v. McCarty*, 94 Ill. 2d 28, 37 (1983)), we consider defendant's contentions.

■ A person who, with the intent to commit a specific offense, does any act that constitutes a substantial step toward the commission of the offense is guilty of an attempt. 720 ILCS 5/8—4(a) (West 1998). A person commits armed violence when "while armed with a dangerous weapon, he commits any felony defined by Illinois Law" except for certain listed offenses not applicable here. 720 ILCS 5/33A—2 (West 1998). Although not having actual physical possession of a weapon, a defendant may be guilty of armed violence if he or she is "otherwise armed," such as having immediate access to and timely control over a weapon. *People v. Harre*, 155 Ill. 2d 392, 396 (1993); *People v. Condon*, 148 Ill. 2d 96, 110 (1992). Moreover, an attempt to commit an underlying felony while armed may result in the completed offense of armed violence. See *People v. Paden*, 123 Ill. App. 3d 514, 517 (1984) (conviction of armed violence based on attempted robbery).

The gist of defendant's argument is that if attempting to commit an underlying offense while armed or committing an offense while in dangerous proximity to a weapon constitutes the completed offense rather than an attempt, it is virtually impossible to imagine a scenario that would result in a conviction of attempted armed violence but not the completed crime. Whatever the truth of this contention, we find it to be irrelevant here.

The supreme court rejected a similar argument in *People v. Wallace*, 57 Ill. 2d 285 (1974). There, defendants argued that indictments charging them with attempted bribery were void. They contended that under the bribery statute the mere offering of a bribe completed the offense; there was no requirement that the bribe be accepted. Therefore, defendants argued, every substantial step toward committing bribery would inevitably result in the completed offense. *Wallace*, 57 Ill. 2d at 287; see Ill. Rev. Stat. 1963, ch. 38, par. 33—1 (now 720 ILCS 5/33—1 (West 1998)).

In rejecting defendants' argument, the court made two observations that are pertinent here. First, the attempt statute presumptively applies to all offenses. *Wallace*, 57 Ill. 2d at 291; see also *People v. Patten*, 230 Ill. App. 3d 922, 930 (1992) (any offense is covered by attempt statute absent manifest legislative intention to exclude it). Second, as the Committee Comments to the attempt provision make clear, it is not necessary to a conviction of attempt that the attempt fail. In other words, even if a defendant completes the underlying offense, he may still be charged with and convicted of attempt. *Wallace*, 57 Ill. 2d at

290-91; 720 ILCS Ann. 5/8—4, Committee Comments—1961, at 436 (Smith-Hurd 1993); see W. LaFave & A. Scott, Substantive Criminal Law § 6.3, at 39 (1986). The court observed that there "could be" situations in which a defendant's activity did not amount to a tender or promise of property to a public official but still could be construed as a substantial step toward bribery. *Wallace*, 57 Ill. 2d at 292.

Here, as in *Wallace*, it is possible to conceive of a case in which a defendant took a substantial step toward committing armed violence, such as committing a felony while attempting to get into dangerous proximity to a weapon. Defendant appears to concede as much in his brief. As *Wallace* makes clear, defendant cannot withdraw his guilty plea to an attempt merely because the factual basis proves he actually committed the completed crime.

This case is unlike *People v. Reagan*, 99 Ill. 2d 238 (1983), and *People v. Lopez*, 166 Ill. 2d 441 (1995), in which the supreme court held that the offenses of attempted involuntary manslaughter and attempted second-degree murder, respectively, could not logically exist. In *Lopez*, the court observed that the attempt statute requires a specific intent to commit the underlying offense. However, the version of second-degree murder at issue required that a defendant intentionally kill another under a sudden and intense passion or an unreasonable belief in the need for self-defense. The court noted that one cannot logically intend a sudden and intense passion or an unreasonable belief. *Lopez*, 166 Ill. 2d at 448.

■ Here, the crime of attempted armed violence is not inherently illogical. Defendant merely argues that a substantial step toward committing armed violence will nearly always result in the completed offense of armed violence. However, this does not demonstrate a legislative intent that armed violence should be excluded from the attempt statute.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON and RAPP, JJ., concur.