THIRD DIVISION
May 26, 2010

No. 1-07-2148

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 CR 14913 |
| | ) | |
| LEROY HARDING, | ) | Honorable |
| | ) | Kerry M. Kennedy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE COLEMAN delivered the opinion of the court:

After a jury trial, Leroy Harding was convicted of three counts of child abduction and sentenced to six-year terms of imprisonment for each conviction, with two of the terms to be served consecutively. The trial court permitted the prosecution to prove that Harding possessed a culpable mental state by the introduction of prior crime evidence to show his propensity to commit sex offenses. We find that this admission of evidence of other crimes was improper and accordingly reverse Harding's convictions and remand for a new trial.

S. testified that she was nine years old on June 2, 2003, and that she was riding her bicycle to a friend's home at about 4 p.m. on that date when a van pulled up beside her. She said that the van's passenger leaned out of the window, said hello, and asked if she wanted a ride. She refused, then rode as quickly as she could to the home of her friend, J. S. recounted the incident to J.'s mother, who concluded that the van's occupants were neighborhood teens playing a prank. She allowed J., also nine years old, to go outside to play with S. S. testified that the van she had

seen earlier approached them shortly thereafter and that its passenger asked the girls if they wanted a ride. S. shouted that she was going to get the van's license plate number, then heard an expletive from one of the men in the van and saw it speed off. S. and J. reported the incident to J.'s mother and then to S.'s mother. S. told police that the van was a rusted white vehicle with black rear doors, and that she had seen more than one person in the van. Two days later, police asked her to look at a van and she identified it as the vehicle that carried the man who had offered her a ride. S. could not identify the person who spoke to her or anyone else she saw in the van.

J. also testified at trial. Unlike S., she only saw one individual in the van. Her description of the van's approach to the two girls otherwise matched S.'s account. J. identified the van's color, rust, and black rear doors, and also confirmed that a van shown to her by police two days after the incident was the vehicle that she and S. had encountered. Like S., J. was unable to identify the person who spoke to them from the van.

Paul Riley, a Cook County sheriff's officer, testified that he had received a bulletin that described the girls' encounter and the van. Two days after the encounter, he was conducting surveillance near an elementary school in the area of the incident and saw a van matching the characteristics described in the bulletin. He stopped the van and identified the driver as Leroy Harding. S. and J. were called to the scene and identified the van there as the one that had approached them two days earlier. Riley then arrested Harding.

A second Cook County sheriff's officer, James Davis, testified that he took custody of Harding at the scene of the arrest, drove him to his unit's headquarters, read him his Miranda rights, then questioned him. Davis testified that Harding volunteered to memorialize his account

of the incident and that he transcribed Harding's statement. Davis was permitted to read the statement in open court. According to the statement, Harding admitted driving the white van, seeing a young girl, offering her a ride, then making the same offer to the girl and a second girl a few minutes later. In the statement, Harding admitted that he did not know the girls, did not know their parents, and had not received permission from their parents to give them a ride in his van.

Harding was charged with three counts of child abduction under section 10-5(b)(10) of the Criminal Code of 1961 (720 ILCS 5/10-5(b)(10) (West 2002)), which provided that the offense is committed when a person "[i]ntentionally lures or attempts to lure a child under the age of 16 into a motor vehicle, building, housetrailer, or dwelling place without the consent of the parent or lawful custodian of the child for other than a lawful purpose." The statute also provided that "the luring or attempted luring of a child under the age of 16 into a motor vehicle, building, housetrailer, or dwelling place without the consent of the parent or lawful custodian of the child shall be *prima facie* evidence of other than a lawful purpose." 720 ILCS 5/10-5(b)(10) (West 2002).

The prosecution sought to introduce evidence of Harding's convictions of prior offenses. In 1990, Harding had been charged with two counts of attempted aggravated criminal sexual assault and one count of attempted criminal sexual assault. In each of the 1990 incidents, Harding allegedly followed adult women on foot as they left bars late at night and attacked them. Harding pled guilty to each of the charges and served concurrent prison terms for the charges until paroled in 1996. The prosecution asserted that Harding's 1990 crimes should be admitted to prove that he attempted to lure S. and J. into his van to sexually assault them. In February 2006,

the trial court denied the prosecution's motion to introduce the 1990 crimes, commenting that "the other cases *** would be a great stretch to be used in this case."

In October 2006, our supreme court issued its opinion in People v. Woodrum, 223 Ill. 2d 286 (2006), and held unconstitutional the portion of the child abduction statute that based a *prima facie* presumption of unlawful intent on the accused's luring or attempted luring of a child without the consent of a parent or guardian. Shortly thereafter, the prosecution filed a motion seeking the trial court's reconsideration of its prohibition of evidence of Harding's earlier crimes. The prosecution asserted that "given the nature of the offense, the fact that the Defendant was a stranger to both Victims and the Defendant's sexually deviant background, *** Defendant's unlawful purpose was to kidnap and/or sexually assault or abuse the Victims in this case."

The trial court granted the prosecution's motion. It ruled that Harding's convictions would be allowed "in order to show the defendant's intent, absence of mistake, accident or innocent frame of mind and unlawful purpose." The court further stated: "Even though these cases can possibly be reviewed as remote in time from the instant case, I believe them to be more probative than prejudicial, particularly in light of the ruling by the Illinois Supreme Court in People versus Robert Woodrum in which the mandatory presumption language is found to be unconstitutional." Harding's prior convictions were admitted, the jury convicted him of three counts of child abduction, and this appeal followed.

Harding's initial contention in this court is that his convictions violate section 8-5 of the Criminal Code, which provides that "[n]o person shall be convicted of both the inchoate and the principal offense." 720 ILCS 5/8-5 (West 2002). We are unpersuaded by this contention. The explicit language of section 8-5 prohibits only a combination of convictions: a conviction for a

4

completed offense in addition to a conviction for an attempt or conspiracy to commit that same offense. Harding's convictions in the instant case were based upon his alleged attempts to lure S. and J. into his van; none were based upon the completion of any of those attempts. His convictions thus do not violate the plain language of section 8-5.

Harding has cited no precedent extending the statute's prohibitions beyond its explicit language and our research has revealed none. Instead, Illinois courts have limited the reach of section 8-5 to its language in holding that prosecutions for both inchoate and completed offenses may proceed as long as convictions are not entered in both. People v. Agriesti, 191 Ill. App. 3d 419, 422-23 (1989). We therefore reject Harding's contention that section 8-5 requires reversal of his convictions.

Harding also contends that his convictions violate the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) and the "rule of lenity," which requires that statutory ambiguities be resolved in favor of a criminal defendant (People v. Jones, 223 Ill. 2d 569, 581 (2006)). Harding correctly notes that the proportionate penalties clause requires that a defendant be sentenced under the less severe provision when his conduct violates two applicable criminal statutes consisting of identical elements. People v. Hauschild, 226 Ill. 2d 63, 83 (2007). He further notes that the child abduction statute punishes his attempt to lure a child as a Class 4 felony, while the general attempt statute, which provides that a person commits an attempt "when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense," categorizes the same conduct as a Class A misdemeanor. 720 ILCS 5/8-4(a) (West 2002). Harding contends that the child abduction statute's punishment of his conduct is disproportionately severe in comparison to the general

attempt provision's punishment of identical acts and that both the proportionate penalties clause and the rule of lenity prohibit his conviction and sentence under the more severe provision.

These arguments are based upon the premise that the general attempt statute applies to his conduct. This premise, along with arguments similar to those asserted by Harding, have been definitively rejected by this court. In People v. Patten, 230 Ill. App. 3d 922 (1992), this court held that our legislature's inclusion of attempts to lure children within its definition of the child abduction offense displayed an intention to preclude application of the general attempt statute to acts such as those committed by Harding. 230 Ill. App. 3d at 931. The court held that the inapplicability of the general attempt statute "eliminated any proportion problem" and that the child abduction statute's punishment of attempted luring violated neither the proportionate penalties clause nor the due process clause of our constitution. 230 Ill. App. 3d at 931.

Harding contends that Patten is inconsistent with the supreme court's decision in People v. Wallace, 57 Ill. 2d 285 (1974), and that it must accordingly be disregarded. In Wallace, the supreme court construed a bribery statute which penalized "promises" made with intent to influence public officials, and held that its applicability to uncompleted bribe efforts did not preclude prosecutions for attempted bribery under the general attempt statute. 57 Ill. 2d at 291-92. Harding construes Wallace to stand for the principle that application of the general attempt statute is never precluded by the inclusion of an inchoate crime in the definition of a more specific offense. This argument has also been rejected by the appellate court. In People v. Wishard, 396 Ill. App. 3d 283, 287-88 (2009), the court explained that the general attempt statute is inapplicable where the legislature intended the more specific offense to cover inchoate crimes, and that such legislative intent is shown by the inclusion of explicit "attempt" language in the

definition of the specific offense. As the <u>Wishard</u> court observed, no such language was present in the bribery statute reviewed in <u>Wallace</u>. 396 Ill. App. 3d at 287-88. Because "attempt" language is included in the child abduction statute, we conclude that it demonstrates the legislative intent to preclude application of the general attempt statute to Harding's actions and that it distinguishes the child abduction provision from the bribery statute at issue in <u>Wallace</u>. We adhere to the <u>Patten</u> court's analysis, and hold that the inapplicability of the general attempt statute in the instant case defeats Harding's arguments regarding its comparative severity.

Harding next asserts that the trial court improperly admitted evidence of his three convictions for attempted sexual assault. He contends that this evidence served only to demonstrate to the jury his propensity to commit crime, and that this use requires reversal of his conviction. We agree.

Evidence of crimes other than the offense for which the defendant faces prosecution is inadmissible to show his general criminal propensity, but may be admitted if relevant for other purposes, including proof of intent. <u>People v. Illgen</u>, 145 Ill. 2d 353, 364-65 (1991). In the instant case, the State contends that Harding's prior crimes were introduced only to prove his intent, and it notes that the jury was instructed that the prior crimes evidence was offered only for consideration in deciding that issue. The State suggests that this limitation on the offering and use of the prior crimes evidence establishes that Harding's prior crimes were properly admitted.

We do not believe that the propriety of other crimes evidence is determined by the prosecution's statement of its purpose in seeking its admission or by the instructions given to the jury for its use. In <u>People v. Placek</u>, 184 Ill. 2d 370 (1998), the court reviewed a contention that proof of other crimes was admissible under another exception to the general rule against

propensity evidence: as rebuttal to the defendant's claim of entrapment. In Placek, the supreme court recognized this use of other crimes as a well-established exception to the rule against propensity evidence and the prosecution argued that the evidence at issue had been offered for that purpose. Placek, 184 Ill. 2d at 384-85. As in the case at bar, the Placek jury was instructed that the other crimes evidence was admitted only for a limited purpose. 184 Ill. 2d at 389.

These facts did not establish that the evidence of the defendant's prior crimes was admissible. The Placek court held that the prosecution was required to demonstrate the relevance of the prior crimes to the offense at issue. "To hold otherwise would allow the entrapment exception to swallow the general rule prohibiting the admission of other-crimes evidence, as it would allow the entry of other-crimes evidence merely to establish the defendant's propensity to commit crime in general. This would create the very danger that the prohibition on other-crimes evidence is intended to prevent, namely, that a jury might convict the defendant merely because it feels that the defendant is a bad person who deserves punishment." 184 Ill. 2d at 386. The court held that some of the other crimes evidence was insufficiently related to the charged offense to permit its admission, and reversed the defendant's conviction. 184 Ill. 2d at 389.

It is thus apparent that even where the prosecution suggests that other crimes evidence is offered for a purpose other than to prove propensity and the jury is so instructed, the court must still assess the relevance of the prior crimes to the current charges. Illinois courts have consistently held that a showing of a relationship between the prior crime and the charged offense is necessary. "Because of the potential prejudicial effect of other crimes evidence, the prosecution must identify similarities between the other crime and the crime charged to ensure that the other crimes evidence is not offered merely to show propensity." People v. Luczak, 306

Ill. App. 3d 319, 324 (1999).  In <u>Luczak</u>, the defendant was charged with sexual assault; evidence of prior crimes was held admissible because both victims were walking when the defendant approached them with an offer of a ride in his car, both were driven to the same secluded area, both were subjected to the same threats and verbal abuse, and both were assaulted in the same manner.  306 Ill. App. 3d at 325.

Other Illinois precedents have conducted similar comparisons between prior crimes and the charged offense.  In <u>People v. Wilson</u>, 214 Ill. 2d 127, 141 (2005), the court held that evidence of prior sexual assaults was relevant to the charged assault because the defendant, a high school official, allegedly committed all of the offenses against students at his place of employment, all in the same manner, and all within a one-year period.  In <u>People v. Harris</u>, 297 Ill. App. 3d 1073, 1086 (1998), a prior incident was held admissible in a sexual assault trial because both victims were attacked on the street at gunpoint in the same area of Chicago, were driven to isolated locations in the same kind of car, were questioned on the same subjects, and were returned after the assaults to the locations where they had been apprehended.

In the instant case, the prosecution's written motion for admission of Harding's prior crimes did not suggest similarities between those crimes and the alleged child abduction offense.  As noted above, the trial court, in denying the prosecution's initial motion to admit the earlier crimes, commented that they "would be a great stretch to be used in this case," and did not note any similarities between the crimes.

The record is also devoid of any indication that the trial court found even minimal similarity between Harding's prior crimes and the charged child abduction offense in granting the prosecution's motion for reconsideration.  Instead, the court suggested that it changed its view of

the admissibility of Harding's prior crimes because of the supreme court's decision in People v. Woodrum, 223 Ill. 2d 286 (2006), which invalidated the portion of the child abduction statute that created a presumption of unlawful intent when a defendant abducted or attempted to lure a child without the permission of the child's guardian. But while Woodrum established that a defendant's unlawful intent must be proved rather than presumed, it did not suggest that the standards for the admission of evidence to prove intent had been eliminated. We hold that Woodrum did not relieve the prosecution of the burden of establishing similarity between Harding's prior crimes and his alleged child abduction before the earlier crimes could be admitted to prove his intent.

Even in view of the principle that only "general areas of similarity" between the charged crime and prior crimes are required for admission of other crimes evidence to prove intent (People v. Illgen, 145 Ill. 2d 353, 373 (1991)), we do not believe that the necessary showing could have been made in the instant case. Harding's prior crimes involved attacks made by force upon adult women he followed from bars late at night. They offer no insight on his intentions in offering rides to elementary school girls from his car in broad daylight other than to show his propensity to commit sex crimes. Indeed, the prosecution's focus on Harding's propensity was demonstrated at trial by its reconsideration motion's invocation of his "sexually deviant background." In this court, the State argues that the similarities justifying admission of Harding's prior crimes are that all of the victims were strangers to him and that all were female. We are aware of no authority permitting the admission of prior crimes on the basis of such broad generalities. Illinois jurisprudence permits the use of such evidence to prove propensity in a trial for certain specifically enumerated sexual offenses. 725 ILCS 5/115-7.3

(West 2002). While the instant case, in our view, presents a clear argument for the legislature's consideration of the addition of child abduction to the list of offenses for which sex crime propensity evidence is admissible, it is not one of the crimes currently enumerated, and the State does not argue that the propensity statute authorizes the admission of Harding's prior crimes. For the foregoing reasons, we conclude that Harding's earlier crimes were not sufficiently similar to the child abduction charges to permit those crimes to establish his intent other than by demonstrating his propensity to commit sexual offenses.

We hold that the admission of the earlier crimes was error. "The erroneous admission of evidence of other crimes carries a high risk of prejudice and ordinarily calls for reversal." People v. Lindgren, 79 Ill. 2d 129, 140 (1980). A conviction will be upheld in spite of the erroneous admission of such evidence "only if the record affirmatively shows that the error was not prejudicial. [Citations.]" Lindgren, 79 Ill. 2d at 141. Where the evidence is ambiguous as to the prejudicial effect of the erroneous admission of other crimes, the required showing has not been made, and the conviction must be reversed. Lindgren, 79 Ill. 2d at 141. We accordingly reverse Harding's convictions and remand for a new trial.

Reversed and remanded.

STEELE, J., concurs.

MURPHY, P.J., dissents.

PRESIDING JUSTICE MURPHY, dissenting:

I respectfully dissent from the majority opinion. I concur with the majority that the instant case presents a strong argument for the addition of child abduction to the list of offenses for which evidence to prove propensity is allowed. 725 ILCS 5/115-7.3 (West 2002). I also agree with the majority that the instant matter presents a difficult question. However, I cannot conclude that the prejudicial effect of the other crimes evidence substantially outweighs its probative value such that the trial court's conclusion was a clear abused of its discretion. *People v. Placek*, 184 Ill. 2d 370, 385 (1998).

The majority points to *Placek* for the proposition that the prosecution was required to prove the other-crimes evidence was related to the charged offense and that the State's statement of purpose or jury instructions cannot overcome a failure of this proof. *Placek*, 184 Ill. 2d at 386-89. It finds that it failed to meet even the minimal standard from *People v. Illgen*, 145 Ill. 2d 353, 373 (1991), that there must be "general areas of similarity" between the charged crime and prior crimes. The majority also points to cases that allowed other crimes evidence because the allegations involved the same manner of attack and similar victim (*People v. Luczak*, 306 Ill. App. 3d 319, 324-25 (1999); *People v. Wilson*, 214 Ill. 2d 127, 141 (2005); *People v. Harris*, 297 Ill. App. 3d 1073, 1086 (1998)) and agrees with defendant that his prior attacks are not similar enough to provide probative value. It concludes that defendant's attacks on adult women by force offer little or no insight on his intent in this case and there is no authority permitting other-crimes evidence based on such broad generalities.

While we are unable to find clear precedent to permit the evidence based on the similarities here, I also have been unable to find clear precedent to reverse the trial court's finding

that evidence of extensive sexual deviancy may be used to prove intent. Defendant's prior offenses involved attacks on adult women at night and the instant matter involves children during daytime; however, I believe the State's argument that defendant's background of extensive sexual deviancy counters his claim that his intent was simply to give the girls, whom he did not know, a ride. Certainly, this evidence could be used to prove propensity to commit this crime and the potential prejudicial effect was great, but the probative value of proving defendant's intent is also great.

The trial court obviously gave this issue great consideration. It concluded that the convictions would be allowed to show "intent, absence of mistake, accident or innocent frame of mind and unlawful purpose." The trial court admitted that the convictions could be considered remote, but opined that the probative value outweighed the prejudicial effect. Considering the evidence presented to the trial court, I believe that the trial court did not clearly abuse its discretion. Ultimately, the probative value of the other crimes evidence to defendant's intent and absence of mistake was not substantially outweighed by the prejudicial effect of introducing that evidence and I would affirm defendant's convictions.